[406] * JOHN W. GRIFFIN, RESPONDENT, v. ALSOP
& CO., APPELLANTS.

INSOLVENCY, RIGHTS OF ASSIGNEE.—After a voluntary assignment for the benefit
of creditors, in order to enable the assignee to recover goods belonging to the
assignor, from consignees holding the same, under a claim for advances and
commissions, the demand must be made in the name, and by the authority of
the assignee, accompanied by notice and evidence of such authority. A demand
by the assignor, and a refusal by the consignees, will not enable the assignee
to maintain his suit, for a conversion.

WITNESS, INCOMPETENCY OF.—In such a suit, the assignor is incompetent, as a
witness, for the assignee. (*Jones* v. *Post*, January Term, 1854, re-affirmed.)

APPEAL from the Superior Court of the City of San
Francisco.

This was an action brought by the plaintiff Griffin, against
the defendants Alsop & Co., to recover $20,000 damages,
by reason of their converting to their own use 2700 mats of
No. 1 white China sugar, alleged to belong to the plaintiff.

The facts in this case, so far as they are necessary to un-
derstand the points decided by this Court, were these: On
the 11th of March, 1853, one Cronise, in the name of Martin
Shultz & Co., agreed with the defendants for the purchase
of a letter of credit on Russell & Co. of Canton, for $15,000.
This credit was to be secured by the payment of $3,000
cash, and the consignment of the goods purchased under it,
to the defendants, On their arrival in San Francisco, Shultz
& Co. were to have the option, either to repay all advances,
charges, etc., of defendants, with a commission of 5 per
cent., and take the goods, or to allow the defendants to sell
the goods on their account, on a commission of 7½ per cent.

On the 13th of April, 1853, Martin Shultz being insol-
vent, made a voluntary assignment of all his property to
John W. Griffin, the plaintiff, for the benefit of his cred-
itors, giving preferences. In his schedule, the defendants

436

were enumerated as * creditors, and the letter of   [407]
credit for $15,000, and the goods to be purchased
under it, were included in the list of assets.

The goods purchased under the letter of credit, were the
sugars in question, which arrived in San Francisco, on board
the "Rose of Sharon," on the 23d day of August, 1853,
consigned to the defendants. Shortly after their arrival,
Martin Shultz demanded them, and the plaintiff brought this
suit to recover their value, founded on such demand, and
an allegation of the necessary tender of advances, etc.

On the trial of the cause, Martin Shultz, the assignor,
was examined as a witness in behalf of the plaintiff, the
defendants objecting and excepting to his competency, on
the ground of interest.

Numerous other exceptions were taken by the defendants,
during the progress of the trial, on the rulings of the Court
in the admission of evidence, and on its instructions to the
jury; but, as they are not noticed by the Court in its opin-
ion, they are omitted in the statement of the case.

The jury, under the instructions of the Court below, found
a verdict for the plaintiff for the sum of $15,163 57, for
which judgment was entered, with $509 76, costs of suit.
Defendants moved for a new trial, which was refused; from
which order and judgment the defendants appealed.

*Janes, Doyle & Barber,* for Appellants.

1st. The contract allowed defendants to sell the goods
when received, unless Shultz & Co. elected to refund all ad-
vances and take them away; hence, a tender, demand and
refusal on the part of Griffin, the assignee, were essential to
work a conversion, and give a right of action. Here the
tender and demand (supposing the proof of them sufficient)
were made by Shultz, *in his own name,* after he had assigned
all his rights to Griffin. If Griffin was entitled to the goods,
the defendants would not have been justified in giving them
up to Shultz.

2d. Shultz was an incompetent witness for the plaintiff,

for he was the party for whose immediate benefit the suit was prosecuted. (*Jones et al.* v. *Post*, in Sup. Court, Jan. T. 1854.)

[408]    *B. S. Brooks & McCracken*, for Respondents.

No brief of argument among the papers.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

The defendants' counsel requested the Court to instruct the jury, "That no demand by Martin Shultz and refusal by the defendants, made after the assignment by Shultz to the plaintiff, would enable the plaintiff to maintain his suit, unless made in the name, and by the authority, of Griffin, and accompanied by notice and evidence of such authority." In refusing this instruction, the Court erred. After the assignment of Martin Shultz to the plaintiff, the latter was alone entitled to demand and receive possession of the goods, upon the payment to the defendants of their advances and commissions. The only demand shown by the evidence, was made by Shultz, when he clearly had no right whatever in the subject matter. This question materially affects the liability of the defendants, because without a demand and tender of their advances, etc., it was their duty, as consignees, under the stipulations of their contract, to sell the sugar and account for the proceeds, and they would not therefore be liable in this form of action.

The Court erred also in admitting the testimony of Shultz. The recovery was that of his own selected assignee, to be applied to the payment of his debts. As to whether this makes it a suit prosecuted for his immediate benefit, within the meaning of the statute, there has been much close reasoning on both sides, and I am willing to concede that if it were a new question, my mind would not be free from doubt. But in the case of *Jones* v. *Post*, at the last January term of this Court, *ante* 14, we decided under similar circumstances that the witness was incompetent. The statute has, there-

fore, received already a judicial construction; and as a general rule in relation to new statutes operating a change in evidence or practice, it is safest to adhere to the doctrine of *stare decisis.*

For these errors, the judgment is reversed and the cause remanded.